ELGEE, INC., Complainant and Appellant, *v.* SECRETARY OF THE TREASURY, Respondent and Appellee.

No. R-62-3. Decided May 17, 1963.

 

*Hernán R. Franco* for appellant. *J. B. Fernández Badillo, Solicitor General,* and *Juan A. Faría, Assistant Solicitor General,* for appellee.

Division composed of Mr. Chief Justice Negrón Fernández, Mr. Justice Blanco Lugo, and Mr. Justice Ramírez Bages.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

Elgee, Inc., a corporation organized under the laws of Puerto Rico and engaged in the manufacture of accessories and ornaments for the hair, enjoys a tax exemption under the provisions of the Industrial Tax Exemption Act of 1948, No. 184 of May 13, 1948, 13 L.P.R.A. §§ 221–238. Among the grants of industrial tax exemption it enjoys exemption from "taxes on the income which [it] . . . may derive from the operation of said exempted industry" (§ 4(a)(2), 13 L.P.R.A. § 225(a)(2)).[1] During the taxable year which

---

[1] Section 1 of the Puerto Rico Industrial Incentive Act of 1954, No. 6 of December 15, 1953, 13 L.P.R.A. § 241, as well as § 1(a) of H.B. 686 which is at present before the legislative houses, contains a similar provision.

In order to conform to this section, the Income Tax Act of 1954 provides in § 101(21) thereof, 13 L.P.R.A. § 3101(21) that: "The following organizations shall be exempt from taxation under this Act . . . (21)

ended on January 10, 1958, that corporation realized a net profit of $86,487.22 in its exempted industrial operations, and also realized a taxable net income of $5,068.46 from rent received from the lease of part of the building where its business is established. On this account it paid income tax of $1,064.37.

During 1959 the taxpayer sustained a net loss amounting to $33,987.55 in the exempted industrial operations, and it therefore filed an amended return for the previous year in which it made retroactive and claimed this net loss as a deduction, on the authority of §§ 23 (s) (1)[2] and 122 (a)[3] of the Income Tax Act of 1954, 13 L.P.R.A. §§ 3023 (s) (1) and 3122 (a). It therefore applied for refund of the sum paid as tax on the taxable net income determined in the previous year. The Secretary of the Treasury disallowed the refund sought. Appellant corporation resorted to the Superior Court which finally upheld the administrative decision.

■ The only question for decision in this appeal is whether the taxpayer may claim as a deduction from its *taxable* net income for 1958 the net operating loss sustained during the following year. Otherwise stated, whether for the purposes of deducting such loss the *exempted* profits realized during the taxable year in which the loss is claimed may be considered as part of the income. If the first proposition

---

Subject to the requirements of Act No. 184, approved on May 13, 1948, of Act No. 6, approved on December 15, 1953, and of any other act that may substitute or complement them, and to the extent provided in said acts, the entities that have obtained or may obtain tax exemption under such acts and the profit and dividend distributions made by such entities."

[2] "In computing net income there shall be allowed as deductions: . . . (s) *Net Operating Loss Deduction.* (1) *Losses corresponding to taxable years beginning after December 31, 1953.*—For any taxable year beginning after December 31, 1953, the net operating loss deduction computed under section 122."

[3] "(a) *Definition of Net Operating Loss.*—As used in this section, the term 'net operating loss' means the excess of the deductions allowed by this Act over the gross income, with the exceptions, additions, and limitations provided in subdivision (d)."

should prevail, the refund sought should be allowed since the loss of $33,957.85 would exceed the taxable net income of $5,068.46;[4] if, on the contrary, we adopt the second proposition, the disallowance of the refund would be upheld, since the exempted profits of $86,487.22 would absorb entirely the loss sustained.

■ The grant of industrial tax exemption is limited specifically to the income derived by the taxpayer from the operation of an exempted industry.[5] Although it is not expressly defined in the Act of 1948, we may adopt the definition of industrial development income contained in § 2(a) of the Industrial Incentive Act of 1954, 13 L.P.R.A. § 242(a), and which, for present purposes, would be "the net income derived from the production of manufactured product that gives rise to the exemption of an exempted business." Of course, it is still income received by the taxpayer whose duty it is to report it to the Secretary of the Treasury. In this connection, in § 13 of the Tax Exemption Act of 1948, 13 L.P.R.A. § 234, every beneficiary of the exemption shall be under the obligation to present annually a return of the operations of the exempted industry, independently of any other return which he may be required to file in connection with his nonexempt activities or income, and also to keep separately the accounting records of the exempted industry.[6]

---

[4] Another consequence would be that appellant would retain a loss of $28,889.39 to be carried over in succeeding years against its *taxable net* income. Section 122(b)(2) of the Income Tax Act of 1954, 13 L.P.R.A. § 3122(b)(2).

[5] *Cf.* with the exemption on dividend or profit distributions by an exempted industry, § 6 of Act No. 184 of May 13, 1948, 13 L.P.R.A. § 227.

[6] A similar provision appears in § 5(e)(2) of the Act of 1954, 13 L.P.R.A. § 245(e)(2), and in § 5(e)(2) of the bill mentioned in footnote 1.

In order to implement this requirement, § 101(21)–1(b) of the Regulations of the Income Tax Act of 1954, 13 R.&R.P.R. § 3101(21)–1(b), reads:

"Every natural or artificial person possessing a grant of tax exemption is required under the provisions of Acts No. 184 and No. 6 to file annually with the Secretary of the Treasury of Puerto Rico,

In the present case it seems clear that both the profits realized in 1958 and the loss sustained in 1959 are not shown in the returns filed by appellant reporting its nonexempt income.[7]

There is nothing in the Act, nor has appellant indicated it, authorizing that the loss be charged first against the taxable income before making it retroactive. The fact is that in 1958 the taxpayer realized a net income of $92,555.68, and, construing both acts jointly, it is more logical to conclude that the loss sustained in 1959 should be deducted from the total net income and not merely from the taxable net income.

Furthermore, as stated by the Solicitor General, although § 23 (s) (1) *supra* authorizes the *deduction* from the gross income of the net operating loss computed under § 122 (a) *supra,* for the purpose of determining the taxable net income, it is no less true that § 24 (a) (5), 13 L.P.R.A. § 3024 (a) (5), expressly provides that "In computing net income no deduction shall in any case be allowed in respect of: . . . (5) An amount otherwise allowable as a deduction which is *allocable to one or more classes of income . . . wholly exempt.*" Appellant insists that this section is not applicable because it

pursuant to the income tax law in force, but independently of the amount of his gross or net income, a separate income tax return, in addition to that which he may otherwise be under obligation to file in relation to the operations of the industry or hotel the object of the exemption. Under the provisions of these Acts and sec. 54 of the Income Tax Act of 1954, every person (as defined in sec. 411 (a) (1)) claiming exemption under sec. 101 (21), shall make for each taxable year an income tax return stating specifically the items of its gross income and deductions, and its net income, and there shall be attached to the return as a part thereof a statement showing the name and address of each member of the corporation or partnership and the amount of dividends or partnership profits paid to each for such year. The return required under this section shall only pertain to operations covered by the grant of tax exemption, and shall be in lieu of the information return Form 480.7 referred to in sec. 101–1."

[7] The complaint was submitted to the trial court on the admissions in the pleadings and the facts at a pretrial conference. The returns filed by appellant for both taxable years were not introduced in evidence.

did not have exempt income in 1959. However, the same section provides that the amount otherwise allowable as a deduction which is allocable to exempt income shall not be deductible, "whether or not any amount of income of that class or classes is received or accrued." See, in general, 4 Mertens, Law of Federal Income Taxation, § 25.128, especially p. 185 of the 1962 Cum. Supp.

The judgment rendered by the Superior Court, San Juan Part, on December 7, 1961 will be affirmed.[8]

---

[8] We need not decide at this time whether the doctrine of restrictive construction of the exemptions and deductions in matter of taxes is unqualifiedly applicable to the case of industrial incentives. We merely point out that in view of the traditional function of tax laws of raising funds for the functioning of the government, it would be necessary to consider an equally laudable public purpose of creating more sources of income and greater employment opportunities in an overpopulated island.